956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy J. BELL, Petitioner-Appellant,
v.
E.R. MYERS, Warden, Correctional Training Facility, Soledad;
California Department of Corrections, et al.,
Respondents-Appellees.
 No. 91-15431.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 27, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy J. Bell appeals from the district court's denial of his petition for habeas corpus. The district court found that Bell's counsel's performance was not "ineffective" and did not prejudice the outcome of the trial. We affirm.
 
 BACKGROUND
 
 3
 After a jury trial, Bell was convicted of murder, robbery, burglary, and vehicle theft. The prosecution presented fingerprints of Bell that were discovered inside the victim's home and detailed testimony by an acquaintance, Ronald Slater, that tied Bell to the items stolen from the victim's home. Bell subsequently sought post-conviction relief on the ground that his counsel had not provided effective assistance.
 
 
 4
 Bell argues that the legal representation provided to him was inadequate in three respects. First, Bell contends that his counsel failed to take advantage of an inaccurate observation made by Ronald Slater. Slater testified that on the evening of the murder, he talked to Bell in Bell's sister's apartment. Slater stated that Bell admitted to murdering the victim. Slater then listed various objects that Bell had in his possession and that were known to be stolen from the victim's house. One of the objects that Slater claimed to have seen was a green Coupe de Ville Cadillac parked in front of the apartment. However, the murder victim's stolen car was a brown Coupe de Ville Cadillac. Bell's counsel failed to cross-examine Slater regarding this inconsistency.
 
 
 5
 Second, Bell complains that in closing argument his counsel presented an additional defense that was inconsistent with his alibi defense. Throughout the trial, Bell maintained that he had no involvement with the crimes charged. Counsel presented oral evidence that suggested that Bell had not seen or talked to Slater on the evening in question, but had gone to a movie with some friends in his mother's green Oldsmobile. In closing, counsel argued that even if Bell actually did see Slater on the night of the murder, Slater may have been mistaken about the type of car Bell was driving. Finally, Bell asserts that his counsel's incompetence is shown by the fact that during her closing argument Bell's counsel stated that the victim's stolen car was green. However, as noted above, the victim's stolen car was brown.
 
 
 6
 The district court denied Bell's petition for a writ of habeas corpus. This appeal followed.
 
 DISCUSSION
 
 7
 The sixth amendment guarantees the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on an ineffective assistance of counsel claim, Bell must show that: (1) the assistance provided by his counsel "fell below an objective standard of reasonableness," and (2) the errors committed by his counsel prejudiced the outcome of the trial. Id. at 688, 694.
 
 
 8
 We have recognized that defense counsel must be allowed a wide latitude with regard to the making of tactical decisions. Campbell v. Kincheloe, 829 F.2d 1453, 1464 (9th Cir.1987) (quoting Strickland, 466 U.S. at 689). In Fritchie v. McCarthy, 664 F.2d 208, 215 (9th Cir.1981), the defendant's lawyer decided not to introduce psychiatric evidence suggesting that the defendant lacked the capacity to form the specific intent to commit first degree murder. We held that "[a]lthough the tactical choice may seem unwise in hindsight, it was not so unreasonable as to constitute denial of a constitutional right to effective assistance of counsel." Id. Similarly, Bell's defense counsel made a tactical decision to present inconsistent defenses. Although the decision to present inconsistent defenses may be subject to a difference of opinion, that decision does not automatically constitute ineffective assistance of counsel. Cf. United States v. Stern, 519 F.2d 521, (9th Cir.) (in trial on charges of tax evasion, counsel was justified in not presenting insanity defense along with defense of justifiable reliance on professional advice), cert. denied, 423 U.S. 1033 (1975). In the case before us, competent defense counsel could have reasonably believed that Bell's alibi defense might not be strong enough, standing alone, to create reasonable doubt as to whether Bell committed the crimes charged.
 
 
 9
 Bell also contends that his counsel's failure to draw the jury's attention to Slater's statement that he saw Bell in a green Cadillac constituted inadequate representation. We disagree. Again, we note that tactical decisions made by counsel must be afforded a wide degree of latitude. Strickland, 466 U.S. at 689. Counsel may have believed that attacking Slater's credibility regarding the color of the car could have weakened Bell's alibi defense by causing Slater to become even more definite and persuasive in his testimony. In hindsight, it appears that it may have been in Bell's best interest to attack Slater on this issue. However, if competent defense counsel could reasonably have concluded that it was not in the defendant's best interest to pursue a particular line of questioning, we will not, without more, hold that decision to be unreasonable based on hindsight. Fritchie, 664 F.2d at 215; Stern, 519 F.2d at 525.
 
 
 10
 Last, Bell contends that it was unreasonable for his counsel to state in closing argument that the victim's stolen car was green. When this misstatement during closing argument is connected with counsel's previous decision not to call the jury's attention to the inaccuracy in Slater's testimony, it appears that Bell's counsel may have been unaware of the true color of the stolen car throughout the trial. Therefore, the actions that Bell challenges may have been errors, rather than tactical decisions. We doubt that these errors (if such they be) based on a misapprehension as to the color of the car are sufficient to render counsel's representation "below an objective standard of reasonableness," Strickland, 466 U.S. at 688. However, even if as a result of these errors the performance of Bell's lawyer could be so classified, her performance was not ineffective within the meaning of Strickland unless the errors prejudiced the outcome of the trial. Strickland, 466 U.S. at 694. In the case before us, the prosecution presented fingerprints of Bell that were discovered inside the victim's home and highly accurate testimony by Slater that tied Bell to the items stolen from the victim's home. In light of the strong evidence against Bell, the color of the victim's stolen car was not of vital importance. Because the second prong of Strickland is not met, Bell's ineffective assistance of counsel claim fails.
 
 
 11
 The decision of the district court is accordingly
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3